Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE NICOLAS BERMEJO TAMAY, MANUEL ANTONIO
BERMEJO TAMAY, SEGUNDO JOSE BERMEJO TAMAY and
JOSE JAVIER REINOSO, individually and on behalf of all others
similarly situated,

          Plaintiffs,

   -against-

MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN
GRILL, PERSIAN GRILL CORP., MONIREH TEHRANI,
MASOUD TEHRANI, and KAVEH TEHRANI a/k/a KEVIN, as
individuals,

          Defendants.
------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **JOSE NICOLAS BERMEJO TAMAY, MANUEL ANTONIO BERMEJO TAMAY, SEGUNDO JOSE BERMEJO TAMAY and JOSE JAVIER REINOSO**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **JOSE NICOLAS BERMEJO TAMAY, MANUEL ANTONIO BERMEJO TAMAY, SEGUNDO JOSE BERMEJO TAMAY and JOSE JAVIER REINOSO**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, PERSIAN GRILL CORP., MONIREH TEHRANI, MASOUD TEHRANI, and KAVEH TEHRANI a/k/a KEVIN, as individuals,

1

(hereinafter referred to as "Defendant"), to recover damages for egregious violations of federal and state minimum wage and overtime, arising out of Plaintiffs' employment at RAVAGH PERSIAN GRILL located at 11 E. 30th Street, New York, NY 10016, 210 Mineola Avenue, Roslyn Heights, NY 11577, and formerly located at 1237 1st Avenue, New York, NY 10021.

3. Plaintiff **JOSE NICOLAS BERMEJO TAMAY** was employed by Defendants at RAVAGH PERSIAN GRILL as a grill man, cooking, and performing other miscellaneous tasks from in or around 2001 until on or around June 18, 2015.

4. Plaintiff **MANUEL ANTONIO BERMEJO TAMAY** was employed by Defendants at RAVAGH PERSIAN GRILL as a deliveryman and performing other miscellaneous tasks from in or around July 2010 until the present.

5. Plaintiff **SEGUNDO JOSE BERMEJO TAMAY** was employed by Defendants at RAVAGH PERSIAN GRILL as a deliveryman and performing other miscellaneous tasks from in or around July 2010 until the present.

6. Plaintiff **JOSE JAVIER REINOSO** was employed by Defendants at RAVAGH PERSIAN GRILL as a busboy, food runner, cleaner and performing other miscellaneous tasks from in or around 2007 until in or around August 2012.

7. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

12. Plaintiff **JOSE NICOLAS BERMEJO TAMAY,** residing at 103-13 51st Avenue, Corona, NY 11368, and was employed by Defendants at RAVAGH PERSIAN GRILL from in or around 2001 until on or about June 18, 2015.

13. Plaintiff **MANUEL ANTONIO BERMEJO TAMAY,** residing at 4112 97th Place, Corona, New York 11368, and was employed by Defendants at RAVAGH PERSIAN GRILL from in or around July 2010 until the present.

14. Plaintiff **SEGUNDO JOSE BERMEJO TAMAY,** residing at 782 Pelham Parkway South, Bronx, New York 10462, and was employed by Defendants at RAVAGH PERSIAN GRILL from in or around July 2010 until the present.

15. Plaintiff **JOSE JAVIER REINOSO,** residing at 56-53 Van Cleef Street, Corona, New York 11368, and was employed by Defendants at RAVAGH PERSIAN GRILL from in or around 2007 until in or around August 2012.

16. Upon information and belief, Defendant, MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, is a corporation organized under the laws of New York with a principal executive office at 11 E. 30th Street, New York, NY 10016.

17. Upon information and belief, Defendant, MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, is a corporation authorized to do business under the laws of New York.

18. Upon information and belief, Defendant MONIREH TEHRANI owns and/or operates MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

19. Upon information and belief, Defendant MONIREH TEHRANI is the Chairman of the Board of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

20. Upon information and belief, Defendant MONIREH TEHRANI is the Chief Executive Officer of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

21. Upon information and belief, Defendant MONIREH TEHRANI is an agent of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

22. Upon information and belief, Defendant MONIREH TEHRANI has power over personnel decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

23. Upon information and belief, Defendant MONIREH TEHRANI has power over payroll decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

24. Defendant MONIREH TEHRANI has the power to hire and fire employees at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, establish and pay their wages, set their work schedule, and maintains their employment records.

25. During all relevant times herein, Defendant MONIREH TEHRANI was Plaintiff's employer within the meaning of the FLSA and NYLL.

26. Upon information and belief, Defendant MASOUD TEHRANI owns and/or operates MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

27. Upon information and belief, Defendant MASOUD TEHRANI is the Chairman of the Board of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

28. Upon information and belief, Defendant MASOUD TEHRANI is the Chief Executive Officer of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

29. Upon information and belief, Defendant MASOUD TEHRANI is an agent of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

30. Upon information and belief, Defendant MASOUD TEHRANI has power over personnel decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

31. Upon information and belief, Defendant MASOUD TEHRANI has power over payroll decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

32. Defendant MASOUD TEHRANI has the power to hire and fire employees at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, establish and pay their wages, set their work schedule, and maintains their employment records.

33. During all relevant times herein, Defendant MASOUD TEHRANI was Plaintiff's employer within the meaning of the FLSA and NYLL.

34. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN owns and/or operates MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

35. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN is the Chairman of the Board of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

36. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN is the Chief Executive Officer of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

37. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN is an agent of MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

38. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN has power over personnel decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

39. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN has power over payroll decisions at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL.

40. Defendant KAVEH TEHRANI a/k/a KEVIN has the power to hire and fire employees at MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, establish and pay their wages, set their work schedule, and maintains their employment records.

41. During all relevant times herein, Defendant KAVEH TEHRANI a/k/a KEVIN was Plaintiff's employer within the meaning of the FLSA and NYLL.

42. Upon information and belief, Defendant, PERSIAN GRILL CORP., is a corporation organized under the laws of New York with a principal executive office at 11 E. 30th Street, New York, NY 10016.

43. Upon information and belief, Defendant, PERSIAN GRILL CORP., is a corporation authorized to do business under the laws of New York.

44. Upon information and belief, Defendant MONIREH TEHRANI owns and/or operates PERSIAN GRILL CORP.

45. Upon information and belief, Defendant MONIREH TEHRANI is the Chairman of the Board of PERSIAN GRILL CORP.
46. Upon information and belief, Defendant MONIREH TEHRANI is the Chief Executive Officer of PERSIAN GRILL CORP.
47. Upon information and belief, Defendant MONIREH TEHRANI is an agent of PERSIAN GRILL CORP.
48. Upon information and belief, Defendant MONIREH TEHRANI has power over personnel decisions at PERSIAN GRILL CORP.
49. Upon information and belief, Defendant MONIREH TEHRANI has power over payroll decisions at PERSIAN GRILL CORP.
50. Defendant MONIREH TEHRANI has the power to hire and fire employees at PERSIAN GRILL CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
51. During all relevant times herein, Defendant MONIREH TEHRANI was Plaintiff's employer within the meaning of the FLSA and NYLL.
52. Upon information and belief, Defendant MASOUD TEHRANI owns and/or operates PERSIAN GRILL CORP.
53. Upon information and belief, Defendant MASOUD TEHRANI is the Chairman of the PERSIAN GRILL CORP.
54. Upon information and belief, Defendant MASOUD TEHRANI is the Chief Executive Officer of PERSIAN GRILL CORP.
55. Upon information and belief, Defendant MASOUD TEHRANI is an agent of PERSIAN GRILL CORP.
56. Upon information and belief, Defendant MASOUD TEHRANI has power over personnel decisions at PERSIAN GRILL CORP.
57. Upon information and belief, Defendant MASOUD TEHRANI has power over payroll decisions at PERSIAN GRILL CORP.
58. Defendant MASOUD TEHRANI has the power to hire and fire employees at PERSIAN GRILL CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

59. During all relevant times herein, Defendant MASOUD TEHRANI was Plaintiff's employer within the meaning of the FLSA and NYLL.
60. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN owns and/or operates PERSIAN GRILL CORP.
61. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN is the Chairman of the Board of PERSIAN GRILL CORP.
62. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN is the Chief Executive Officer of PERSIAN GRILL CORP.
63. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN is an agent of PERSIAN GRILL CORP.
64. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN has power over personnel decisions at PERSIAN GRILL CORP.
65. Upon information and belief, Defendant KAVEH TEHRANI a/k/a KEVIN has power over payroll decisions at PERSIAN GRILL CORP.
66. Defendant KAVEH TEHRANI a/k/a KEVIN has the power to hire and fire employees at PERSIAN GRILL CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
67. During all relevant times herein, Defendant KAVEH TEHRANI a/k/a KEVIN was Plaintiff's employer within the meaning of the FLSA and NYLL.
68. On information and belief, MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.
69. On information and belief, PERSIAN GRILL CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for

commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

70. Upon information and belief, RAVAGH PERSIAN GRILL is a Persian restaurant with several locations in Manhattan and Long Island, New York.

71. Plaintiff **JOSE NICOLAS BERMEJO TAMAY** was employed by Defendants at RAVAGH PERSIAN GRILL from in or around 2001 until on or around June 18, 2015.

72. During Plaintiff **JOSE NICOLAS BERMEJO TAMAY'S** employment by Defendants at RAVAGH PERSIAN GRILL, Plaintiff's primary duties were as a grill man, cooking, and performing other miscellaneous tasks.

73. Plaintiff **JOSE NICOLAS BERMEJO TAMAY** primarily worked at the 11 E. 30th Street, New York, NY 10016 location, he also occasionally worked at the 210 Mineola Avenue, Roslyn Heights, NY 11577 location.

74. Plaintiff **JOSE NICOLAS BERMEJO TAMAY** was paid by Defendants approximately $13.75 per hour in or around July 2009 until in or around January 2011, approximately $22.50 per hour from in or around January 2011 until in or around May 2015, and approximately $18.75 per hour from in or around May 2015 until in or around June 2015.

75. Although Plaintiff **JOSE NICOLAS BERMEJO TAMAY** worked approximately 72 (seventy-two) hours or more per week from in or around June 2009 until in or around January 2011, approximately 60 (sixty) hours or more per week from in or around January 2011 until in or around May 2015, and approximately 50 hours or more per week from in or around May 2015 until in or around June 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

76. Plaintiff, **MANUEL ANTONIO BERMEJO TAMAY**, was employed by Defendants at RAVAGH PERSIAN GRILL from in or around July 2010 until the present.

77. During Plaintiff **MANUEL ANTONIO BERMEJO TAMAY'S** employment by Defendants at RAVAGH PERSIAN GRILL, Plaintiff's primary duties were making

deliveries and performing other miscellaneous duties from in or around July 2010 until the present.

78. Plaintiff **MANUEL ANTONIO BERMEJO TAMAY** worked at the 11 E. 30th Street, New York, NY 10016 location.

79. Plaintiff **MANUEL ANTONIO BERMEJO TAMAY** was paid by Defendants approximately $5.00 per hour in or around July 2010 until in or around July 2012, approximately $6.50 per hour from in or around July 2012 until in or around December 2014, and approximately $7.25 per hour from in or around January 2014 until the present.

80. Therefore, Defendants failed to pay Plaintiff **MANUEL ANTONIO BERMEJO TAMAY** the legally prescribed minimum wage for his hours worked from in or around July 2010 until the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL

81. Although Plaintiff **MANUEL ANTONIO BERMEJO TAMAY** worked approximately 72 (seventy-two) hours or more per week during the period of his employment by Defendants from in or July 2010 until the present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

82. Additionally, Defendants would keep 13% of Plaintiff **MANUEL ANTONIO BERMEJO TAMAY'S** tips in violation of the FLSA and NYLL.

83. Plaintiff, **SEGUNDO JOSE BERMEJO TAMAY**, was employed by Defendants at RAVAGH PERSIAN GRILL from in or around July 2010 until the present.

84. During Plaintiff **SEGUNDO JOSE BERMEJO TAMAY'S** employment by Defendants at RAVAGH PERSIAN GRILL, Plaintiff's primary duties were making deliveries and performing other miscellaneous duties from in or around July 2010 until the present.

85. Plaintiff **SEGUNDO JOSE BERMEJO TAMAY** worked at the 11 E. 30th Street, New York, NY 10016 location.

86. Plaintiff **SEGUNDO JOSE BERMEJO TAMAY** was paid by Defendants approximately $2.00 per hour in or around July 2010 until in or around December 2012, approximately $6.50 per hour from in or around January 2013 until in or

around December 2014, and approximately $7.25 per hour from in or around January 2014 until the present.

87. Therefore, Defendants failed to pay Plaintiff **SEGUNDO JOSE BERMEJO TAMAY** the legally prescribed minimum wage for his hours worked from in or around July 2010 until the present, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL

88. Although Plaintiff **SEGUNDO JOSE BERMEJO TAMAY** worked approximately 72 (seventy-two) hours or more per week from in or January 2013 until the present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

89. Additionally, Defendants would keep 13% of Plaintiff **SEGUNDO JOSE BERMEJO TAMAY'S** tips in violation of the FLSA and NYLL.

90. Plaintiff **JOSE JAVIER REINOSO** was employed by Defendants at RAVAGH PERSIAN GRILL from in or around 2007 until in or around August 2012.

91. During Plaintiff **JOSE JAVIER REINOSO'S** employment by Defendants at RAVAGH PERSIAN GRILL, Plaintiff's primary duties were as a busboy, food runner, cleaner and performing other miscellaneous tasks.

92. Plaintiff **JOSE JAVIER REINOSO** primarily worked at the 11 E. 30th Street, New York, NY 10016 location, but he also worked at the 1237 1st Avenue, New York, NY 10021 location.

93. The 1237 1st Avenue, New York, NY 10021 location has since closed down and re-opened at 1135 1st Avenue New York, NY 10065.

94. Plaintiff **JOSE JAVIER REINOSO** was paid by Defendants approximately $17.50 per hour from in or around 2007 until in or around August 2012.

95. Although Plaintiff **JOSE JAVIER REINOSO** worked approximately 72 (seventy-two) hours or more per week from in or around 2007 until in or around August 2012, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

96. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

97. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

98. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

99. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

100. Collective Class: All persons who are or have been employed by the Defendants as grill men, cooks, food preparers, bartenders, waiters, dishwashers, busboys, food runners, deliverymen, cleaners or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages, overtime wages, and spread of hours compensation.

101. Upon information and belief, Defendants employed between 15 and 35 employees within the past three years subjected to similar payment structures.

102. Upon information and belief, Defendants operated restaurants at several locations in Manhattan and Long Island, New York.

103. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

104. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work for less than minimum wage rates as specified under the FLSA and NYLL.

105. Upon information and belief, Defendants withheld 13% of the Plaintiffs' and Collective Class' tips in violation of the NYLL and FLSA.

106. Defendants' unlawful conduct has been widespread, repeated, and consistent.

107. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

108. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class received less than minimum wages.

109. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class were required to give 13% of their tips to the Defendants.

110. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

111. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime compensation in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

112. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

113. The claims of Plaintiffs are typical of the claims of the putative class.

114. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

115. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

116. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

117. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

118. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

119. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

120. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

121. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

122. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

123. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

124. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

125. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

126. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as

well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

127. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

128. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

129. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

130. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

131. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

132. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

133. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

134. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

135. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

136. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

137. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

138. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

139. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

140. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

**FIFTH CAUSE OF ACTION**
**Unlawful deductions**

141. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

142. Defendants wrongfully deducted from 13% of the tips that should have solely been solely for the Plaintiffs.

143. Therefore, Plaintiffs are entitled to monetary restitution for those unlawful deductions.

**SIXTH CAUSE OF ACTION**
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

144. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

145. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

146. Defendants are liable to Plaintiffs in the amount of $2,500.00 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

147. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

148. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

149. Defendants are liable to Plaintiffs in the amount of $2,500.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid minimum wages;

d. Awarding Plaintiffs restitution for the unlawfully deducted tips;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 29th day of July of 2015

Roman Avshalumov (RA 5508)

Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE NICOLAS BERMEJO TAMAY, MANUEL ANTONIO BERMEJO TAMAY, SEGUNDO JOSE BERMEJO TAMAY and JOSE JAVIER REINOSO, individually and on behalf of all others similarly situated,

        Plaintiffs,

 -against-

MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, PERSIAN GRILL CORP., MONIREH TEHRANI, MASOUD TEHRANI, and KAVEH TEHRANI a/k/a KEVIN, as individuals,

        Defendants.

---

SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

**MR. KABOB RESTAURANT INC. d/b/a**
**RAVAGH PERSIAN GRILL**
11 E. 30th Street
New York, NY 10016

**PERSIAN GRILL CORP.**
210 Mineola Avenue
Roslyn Heights, NY 11577

**MONIREH TEHRANI**
11 E. 30th Street
New York, NY 10016

210 Mineola Avenue
Roslyn Heights, NY 11577

**MASOUD TEHRANI**
11 E. 30th Street
New York, NY 10016

1237 1st Avenue
New York, NY 10021

**KAVEH TEHRANI a/k/a KEVIN**
11 E. 30th Street
New York, NY 10016