```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JOSE NICOLAS BERMEJO TAMAY, et al.,                               :
                                                                  :
                          Plaintiffs,                             :    15-CV-5935 (JMF)
                                                                  :
              -v-                                                 :    MEMORANDUM OPINION
                                                                  :         AND ORDER
MR. KABOB RESTAURANT INC., et al.,                                :
                                                                  :
                          Defendants.                             :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/15/2016

JESSE M. FURMAN, United States District Judge:

Plaintiffs Jose Nicolas Bermejo Tamay, Manuel Antonio Bermejo Tamay, Segundo Jose Bermejo Tamay, and Jose Javier Reinoso bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Mr. Kabob Restaurant Inc. (doing business as Ravagh Persian Grill), Persian Grill Corp., Monireh Tehrani, Masoud Tehrani, and Kaveh "Kevin" Tehrani ("Defendants"). On December 3, 2015, Plaintiffs moved for conditional certification of an FLSA collective action and for approval of a collective action notice. (Docket No. 19). They propose that notice be sent to all current and former employees of Defendants, and that the collective should include "any similarly situation employee who is or has been employed by Ravagh Persian Grill at any time" within the last three years "as waiters, busboys, dishwashers, cooks, cocktail waitresses, bartenders, servers, cleaners, delivery men, grill men, or any other person employed in a non-managerial capacity." (*See* Mem. Law Supp. Pls.' Mot. To Conditionally Certify Collective Action (Docket No. 20) ("Pl.'s Mem.") 9-10; *id.*, Ex. A, at 3; *see also* Mem. Law Reply Defs.' Opp'n Pls.' Mot. To Conditionally Certify Collective Action

(Docket No. 23) ("Pls.' Reply), Ex. A (conceding that FLSA's three-year statute of limitations period applies). Upon review of the parties' submissions, Plaintiffs' motion for conditional certification is GRANTED in part and DENIED in part.

At the initial certification stage of an FLSA collective action, Plaintiffs have the "low" burden of making a "modest factual showing" that they and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted). Plaintiffs can meet that burden by showing that "there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Id.* (internal quotation marks omitted). At the same time, Plaintiffs' burden "cannot be satisfied simply by unsupported assertions." *Id.* (internal quotation marks omitted). Put another way, "while plaintiff's burden at this stage is modest, it is not non-existent." *Khan v. Airport Mgmt. Servs., LLC*, No. 10-CV-7735 (NRB), 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011); *see also, e.g., Rudd v. T.L. Cannon Corp.*, No. 10-CV-591(TJM/DEP), 2011 WL 831446, at *6 (N.D.N.Y. Jan. 4, 2011) ("Although the standard governing plaintiffs' application is lax and their burden modest, a court must nonetheless take a measured approach when addressing a request for collective action certification, mindful of the potential burdens associated with defending against an FLSA claim involving a large and broadly defined collective group of plaintiffs.").

Here, Plaintiffs have met their modest burden of showing that employees in at least some positions at some of Defendants' restaurants were subject to an unlawful common policy or plan. To be sure, the affidavits they submitted in conjunction with their initial motion are somewhat thin and arguably inadequate. (*See* Mem. Law Opp'n Mot. Collective Action (Docket No. 22) ("Defs.' Mem.") 6-11). The supplemental affidavits submitted in conjunction with Plaintiffs'

2

reply brief, however, make clear that there are other "similarly situated" employees with respect to many jobs at the restaurants. *Myers*, 624 F.3d at 555; *see Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 549 n.1 (S.D.N.Y. 2013) (relying in part on supplemental statements filed with the plaintiffs' reply brief in granting certification); *Bijoux v. Amerigroup N.Y., LLC*, No. 14-CV-3891 (RJD) (VVP), 2015 WL 4505835, at *3 n.5 (E.D.N.Y. July 23, 2015) (same). For example, Plaintiffs provide the names of other employees with whom they spoke about their employment hours and payment, and provide details about the centralized payment process that they observed firsthand. (*See, e.g.*, Pls.' Reply, Ex. 1 ("Jose Tamay Aff.") ¶¶ 13-14, 21, 38; *id.*, Ex. 2 ("Manuel Tamay Aff.") ¶¶ 12-22, 45; *id.*, Ex. 3 ("Segundo Tamay Aff.") ¶¶ 21-29). They allege that Defendants had a uniform policy of paying less than the statutorily mandated minimum wage and overtime, and withholding tips. (*See, e.g.*, Jose Tamay Aff. ¶¶ 6, 12-14, 25-28, 49; Manuel Tamay Aff. ¶¶ 5-11; 31-32; Segundo Tamay Aff. ¶¶ 4-11, 26; Pls.' Reply, Ex. 4 ("Reinoso Aff.") ¶¶ 14-18). And Plaintiffs who worked at multiple locations confirm that they were subjected to the same policy at both restaurants, and witnessed other employees being paid according to the same unlawful methods. (*See* Jose Tamay Aff. ¶¶ 17-21).

The collective that Plaintiffs seek to certify, however, is substantially broader than that fairly suggested by their affidavits. Plaintiffs seek certification of a collective of *all* non-managerial employees of Defendants, including waiters, cocktail waitresses, and bartenders. (*See* Pl.'s Mem. 3). Plaintiffs, however, worked only in the positions of dishwasher, deliveryman, grill man, and food runner/busboy. (*See* Pl.'s Reply Mem. 1-2; Jose Tamay Aff. ¶¶ 3-4; Segundo Tamay Aff. ¶ 3; Manuel Tamay Aff. ¶ 3; Reinoso Aff. ¶ 4). The specific allegations in their affidavits — that is, those that sufficiently identify other potential plaintiffs — cover only the experiences of employees working in those positions. (*See* Jose Tamay Aff.

3

¶¶ 5 (dishwashers), 11-14 (kitchen staff); Manuel Tamay Aff. ¶¶ 12-22 (deliverymen); Segundo Tamay Aff. ¶¶ 21-25 (deliverymen); Reinoso Aff. ¶¶ 8-10 (busboys)).[2] That is insufficient to support a conclusion that waiters were similarly situated to Plaintiffs and to the potential opt-in plaintiffs who held the jobs described in detail in Plaintiffs' affidavits.  For these reasons, the Court agrees with Defendants that the collective should be limited to deliverymen and kitchen staff.  (*See* Decl. Opp'n Pls.' Mot. Conditional Certification (Docket No. 21), Ex. A, at 1).  In the same vein, Plaintiffs request that the collective extend, and notice be sent, to current and former employees at *all* of Defendants' restaurants.  (*See* Pl.'s Mem. 10).  Plaintiffs, however, offer no allegations regarding restaurants other than the ones in which they themselves were employed; indeed, they do not even specify the locations of any other such restaurants.  That does not meet Plaintiffs' burden of showing that employees at other locations were similarly situated such that they should be included within the collective.  *See, e.g.*, *Mata v. Foodbridge LLC*, No. 14-CV-8754 (ER), 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015); *Jin Yun Zheng v. Good Forturne Supermarket Grp. (USA), Inc.*, No. 13-CV-60 (ILG), 2013 WL 5132023, at *5-6 (S.D.N.Y. Sept. 12, 2013); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 355-56 (S.D.N.Y. 2008).  Accordingly, the conditionally certified collective is limited to (1) current and former dishwashers, delivery men, grill men/cooks, and food runners/bus boys who (2) worked at the 11 East 30th Street, 210 Mineola Avenue, 67th Street, and 63rd Street locations of Defendants' restaurants.

Finally, the parties raise several disagreements with respect to the notice and consent form proposed by Plaintiffs.  (*See* Defs.' Mem. 12-14; Pls.' Reply 9-11).  In general, the Court

---

[2]  Reinoso refers to waiters, but he alleges only that they earned more than the busboys and does not say anything about the number of hours they worked.  (*See* Reinoso Aff. ¶¶ 9-12; 32-33).

views with favor the notice and form as revised by Defendants, except that:

- the notice and form shall be revised to require that opt-in plaintiffs mail the consent forms directly to the Court, not to Plaintiffs' counsel;
- the notice and form shall be revised to indicate that opt-in plaintiffs may retain counsel of their choosing;
- the second sentence of Section V shall read: "While this suit is pending, you may be required to respond to certain questions, provide documents, attend a deposition, and/or testify in court.";
- the notice should not include any reference to the collection of costs or fees by Defendants; and
- the reference to attorney's fees in Section VIII shall read (addition underlined): "You do not have to pay <u>out-of-pocket</u> for the services . . . ."

With that guidance, the parties shall meet and confer and submit a revised notice and consent form — as an attachment on ECF and in Microsoft Word format by e-mail to the Court — no later than **January 25, 2016**.  (To the extent that the parties want further guidance, the Court recommends that they review the notice and form approved by the Court in *Saleem v. Corporate Transportation Group, Ltd.*, 12-CV-8450 (JMF), appearing at Docket No. 67.)  By the **same date**, the parties shall submit a proposed order — in the same formats — conditionally certifying the collective action, requiring Defendants to disclose the names and contact information of potential plaintiffs (a request that Defendants do not oppose), and addressing the process for distribution of the notice and consent forms.  Given the lack of delay in ruling on Plaintiffs' motion, the Court declines Plaintiffs' request for an order tolling the statute of limitations.

For the foregoing reasons, Plaintiffs' motion is GRANTED in part and DENIED in part. The Clerk of Court is directed to terminate Docket No. 19.

SO ORDERED

Dated: January 15, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge