# SETTLEMENT, WITHDRAWAL, RELEASE, AND WAIVER AGREEMENT

1. This Settlement, Withdrawal, Release, and Waiver Agreement (hereinafter "Agreement") is entered this 3rd day of June, 2016 between plaintiffs JOSE NICOLAS BERMEJO TAMAY, MANUEL ANTONIO BERMEJO TAMAY, SEGUNDO JOSE BERMEJO TAMAY, JOSE JAVIER REINOSO, MARVIN ROJAS, ADOLFO B. LOPEZ, and proposed plaintiff JOSE ALBERTO MEDINA MENDEZ, on their behalf and on behalf of their heirs, executors, administrators, attorneys, successors, assigns, agents and representatives (hereinafter collectively referred to as "Plaintiffs") and defendants MR. KABOB RESTAURANT INC. and PERSIAN GRILL CORP., on their behalf and on behalf of their officers, directors, employees, attorneys, parent companies, affiliates, predecessors, successors, subsidiaries, assigns, agents and representatives (hereinafter collectively referred to as "Mr. Kabob"), in settlement of any and all disputes between Plaintiffs and Mr. Kabob.

2. It is expressly understood this Agreement has been entered by Plaintiffs and Mr. Kabob (collectively the "Parties") solely to avoid further expense in connection with litigating any and all claims and/or disputes, whether asserted or unasserted, that Plaintiffs have or could have against Mr. Kabob. Further, this Agreement and the settlement it represents does not constitute an admission by Mr. Kabob of any violation of any federal, state or local law; of the breach of any duty whatsoever, whether based upon statute, common law, contract, or otherwise; or that Plaintiffs have suffered any damages; nor is it an admission by Plaintiffs that their claims lack merit.

3. In consideration for Plaintiffs' representations, obligations, and releases in this Agreement, Mr. Kabob agrees to pay the sum of Three Hundred Thousand Dollars and No Cents ($300,000.00) ("Settlement Amount"), inclusive of Plaintiffs' attorneys' fees, as follows:

a. Within five (5) business days of the Payment Date, as defined below, Defendants will deliver to Plaintiffs' counsel, Helen Dalton & Associates, P.C., 69-12 Austin Street, Forest Hills, NY 11375, a total of eight (8) checks, in the amounts set forth below:

   i. One (1) check payable to "Jose Nicolas Bermejo Tamay" in the gross amount of $7,833.34, less applicable payroll taxes and for which a W-2 form will be provided;

   ii. One (1) check payable to "Manuel Antonio Bermejo Tamay" in the gross amount of $6,166.66, less applicable payroll taxes and for which a W-2 form will be provided;

   iii. One (1) check payable to "Segundo Jose Bermejo Tamay" in the gross amount of $6,166.66, less applicable payroll taxes and for which a W-2 form will be provided;

   iv. One (1) check payable to "Jose Javier Reinoso" in the gross amount of $5,500.00, less applicable payroll taxes and for which a W-2 form will be provided;

   v. One (1) check payable to "Marvin Rojas" in the gross amount of $833.33, less applicable payroll taxes and for which a W-2 form will be provided;

   vi. One (1) check payable to "Adolfo B. Lopez" in the gross amount of $5,500.00, less applicable payroll taxes and for which a W-2 form will be provided;

   vii. One (1) check payable to "Jose Alberto Medina Mendez" in the gross amount of $1,333.34, less applicable payroll taxes and for which a W-2 form will be provided;

   viii. One (1) check payable to "Helen Dalton & Associates, P.C." in the amount of $16,666.66, constituting attorneys' fees and costs.

b. The Payment Date will be July 20, 2016. However, if the approval of the settlement agreement is later than July 20, 2016, then the payments shall be provided to Mr. Kabob's attorney, according to the schedule in paragraph (3)(c) to be held in escrow and mailed to Plaintiffs' attorney five (5) business days after the approval date.

c. On or before the 20th of the month for the five calendar months following the Payment Date, Mr. Kabob will deliver to Plaintiffs' counsel, Helen Dalton & Associates, P.C., 69-12 Austin Street, Forest Hills, NY 11375, another set of (8) checks to the payees and in the amounts set forth in paragraph 3(a) of this Agreement.

  d. Plaintiffs and their counsel agree to provide w-9 tax forms to Mr. Kabob's counsel in connection with the above-mentioned payments.

4. Plaintiffs expressly agree that, should any taxing authority or other governmental agency request information concerning the payments made to Plaintiffs under this Agreement or render any assessment, decision, ruling or order concerning the payment under this Agreement, Plaintiffs will notify Mr. Kabob prior to responding to, and within five (5) calendar days of, receiving such request, assessment, decision, ruling or order. Such notice will be made in writing and delivered personally or sent to Mr. Kabob by registered or certified mail, return receipt requested, or recognized overnight courier service (e.g., FedEx, UPS).

5. In connection with this Agreement, Plaintiffs specifically agree to discontinue and dismiss with prejudice the action brought in the U.S. District Court of the Southern District of New York entitled <u>Tamay, et al. v. Mr. Kabob Restaurant Inc., et al.</u>, and assigned docket number 15-CV-05935 (JMF)(JCF) (the "Federal Court action"). Counsel for the Parties will execute a separate Stipulation of Dismissal, with prejudice, for the Federal Court action upon the signing of this Agreement, which will then be filed with the court.

6. In consideration of the payment to Plaintiffs under this Agreement, to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge Mr. Kabob from any and all claims, causes of action, suits, liabilities, back-wages, benefits, attorneys' fees, interest, costs, compensation, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, penalties, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, which against Mr. Kabob, Plaintiffs, their heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, will or may have for, upon or by reason of

Plaintiffs' employment with Mr. Kabob, including, but not limited to, those arising under any federal, state or local, human or civil rights, wage-hour, or labor laws and/or regulations, contract or tort laws, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e) *et seq.*; the Age Discrimination in Employment Act; the Americans with Disabilities Act; the New York State Executive Law, Section 290, *et. seq.;* the New York City Administrative Code; the Labor Management Relations Act of 1947, as amended 29 U.S.C. Section 141 *et seq.*, the Fair Labor Standards Act and New York Labor Law, from the beginning of the world to the date of this Agreement. This settlement includes, but is not limited to, all known claims for relief in any form; any and all claims for equitable relief; and any and all claims for compensatory, punitive, liquidated, and other damages or monies, arising from any and all actions whatsoever, including any and all claims based on any and all civil rights, employment discrimination, retaliation, contract, common law, and tort claims in any form under any federal, state, or local statute, law, rule, regulation, or common law and all claims for attorney's fees, expenses and costs.

7. In consideration of the promises set forth in this Agreement, to which Mr. Kabob is not otherwise entitled, and except for the obligations stated in this Agreement, Mr. Kabob hereby releases and discharges Plaintiffs from any and all rights, obligations, damages, claims of any kind or nature or causes of action, which Mr. Kabob ever had, may now have or hereafter can, will or may have against Plaintiffs arising out of Plaintiffs' employment with Mr. Kabob.

8. Mr. Kabob, through its corporate officer, agrees to execute a Confession of Judgment for $375,000.00 and to deliver the executed original Confession of Judgment contemporaneously with the delivery of the fully executed Agreement to Plaintiffs' counsel. Plaintiffs' counsel will hold said Confession of Judgment in escrow and will only file same if Mr. Kabob fails to comply with the payment obligations of the Settlement Amount per the terms set forth in Paragraph 3 and Mr.

Kabob has not cured any such failure as set forth in Paragraph 9 below. Upon receipt of the payments set forth in Paragraph 3, Plaintiffs' counsel, Helen Dalton & Associates, P.C., agrees to destroy said Confession of Judgment and notify Mr. Kabob's counsel in writing of same.

9. If Mr. Kabob fails to timely make any of the payments described above, or if a payment check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel will provide, by e-mail and overnight mail, a notice to cure to Mr. Kabob and to Mr. Kabob's counsel. Mr. Kabob will cure the default within ten (10) business days from and including the date on which the notice was e-mailed. If the default is not cured within the ten (10) business day period, Mr. Kabob will immediately become indebted to Plaintiffs and will consent to entry of the Confession of Judgment in favor of Plaintiffs in New York State Supreme Court, in the County designated on the Confession of Judgment for the amount set forth in the Confession of Judgment, less any payments made under this Agreement. In addition, in the event of such a default and the entry of such judgment, Mr. Kabob further agrees to pay, and be indebted to Plaintiffs for: statutory costs; reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment, as set forth in the Confession of Judgment.

10. Plaintiffs promise, represent, and warrant they have not filed any other judicial actions, any complaints with any governmental body or agency, or any other lawsuits, claims, demands or actions against Mr. Kabob aside from the Federal Court action; and further represent and warrant they have not disclosed any information concerning the terms of this Agreement or the negotiations leading up to this Agreement to any person other than their attorney(s) including but not limited to past or present employees of Mr. Kabob. Plaintiffs agree never to sue or file a charge, complaint, grievance or a demand for arbitration in any forum, or to assist or participate willingly or voluntarily in any claim, arbitration, suit, action, investigation, or other proceeding of any kind, which relates to any matter or claim they have released in this Agreement, except

pursuant to a valid subpoena or court order commanding attendance or testimony or as otherwise required by applicable law. Further, to the extent that any such proceeding has been or may be brought, Plaintiffs expressly waive their right to any form of monetary damages or other damages, or any form of recovery or relief in connection with such proceeding or in connection with any proceeding brought by a third party.

11. The terms of this Agreement, including all facts, circumstances, statements and documents relating hereto, will not be admissible or submitted as evidence in any litigation in any forum for any purpose other than to secure enforcement of the terms and conditions of this Agreement, in the course of any investigation referred to in this Agreement, pursuant to a valid subpoena or court order commanding attendance or testimony, or as otherwise consistent with the applicable law.

12. Plaintiff Adolfo B. Lopez has resigned his employment from Mr. Kabob and agrees not to seek reemployment with Mr. Kabob.

13. Plaintiffs acknowledge that they have been given no fewer than twenty-one (21) days to consider this Agreement; that they may choose to sign this Agreement in less than twenty-one (21) days, but that if they do so, they expressly waive any claim they did not have adequate time to consider this Agreement. Plaintiffs also agree that any change to this Agreement, whether material or immaterial, within such twenty-one (21) day period, will not start a new twenty-one (21) day period for them to consider the Agreement.

14. By signing this Agreement, Plaintiffs acknowledge and agree that the Agreement is written in a manner calculated to be understood by them; they were fully and fairly represented by counsel in connection with the review, negotiation and signing of this Agreement; they have carefully read and understand the terms of this Agreement, all of which have been fully explained to them; they have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered,

released and discharged hereunder; the only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to him by any person or entity whatsoever to cause him to sign this Agreement; they waive rights or claims only in exchange for consideration in addition to anything of value to which they already are entitled; they do not waive rights or claims that may arise after the date this Agreement is executed; and they may rescind this Agreement at any time during the period of seven (7) calendar days following the date of his execution of this Agreement by delivering such written revocation to Sokoloff Stern LLP, attorneys for Mr. Kabob, 179 Westbury Avenue, Carle Place, New York 11514. If such seven (7) day revocation period expires without Plaintiffs revoking their rights, the obligations of this Agreement will then become fully effective.

15. If any of the provisions, terms or clauses of this Agreement is declared illegal, unenforceable or ineffective in a legal forum, those provisions, terms and clauses will be deemed severable such that all other provisions, terms and clauses of this Agreement will remain valid and binding upon all parties. The failure of Mr. Kabob to insist upon strict adherence to any term of this Agreement on any occasion will not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of the Agreement.

16. This Agreement sets forth the entire agreement between the parties, and supersedes any and all prior oral and/or written agreements between them. This Agreement may not be altered, amended or modified except by a further writing signed by all the parties to this Agreement.

17. This Agreement may be executed in counterparts. Facsimile or electronically transmitted signatures will be deemed the equivalent of originals.

18. By signing this Agreement, the parties indicated hereunder agree to and accept the provisions contained herein.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

JOSE NICOLAS BERMEJO TAMAY

*/s/ Jose Nicolas Bermejo Tamay*
BY:   JOSE NICOLAS BERMEJO TAMAY

STATE OF NEW YORK
COUNTY OF Queens

On June 6, 2016 before me personally came JOSE NICOLAS BERMEJO TAMAY to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

MANUEL ANTONIO BERMEJO TAMAY

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

*/s/ Manuel Antonio Bermejo Tamay*
BY:   MANUEL ANTONIO BERMEJO TAMAY

STATE OF NEW YORK
COUNTY OF Queens

On June 6, 2016 before me personally came MANUEL ANTONIO BERMEJO TAMAY to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2022

SEGUNDO JOSE BERMEJO TAMAY

_____
BY: SEGUNDO JOSE BERMEJO TAMAY

STATE OF NEW YORK
COUNTY OF __Queens__

On June __6__, 2016 before me personally came SEGUNDO JOSE BERMEJO TAMAY to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

JOSE JAVIER REINOSO

_____
BY: JOSE JAVIER REINOSO

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

STATE OF NEW YORK
COUNTY OF __Queens__

On June __6__, 2016 before me personally came JOSE JAVIER REINOSO to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

- 9 -

MARVIN ROJAS

_____
BY:   MARVIN ROJAS

STATE OF NEW YORK
COUNTY OF Queens

On June 6, 2016 before me personally came MARVIN ROJAS to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ADOLFO B. LOPEZ
_____
BY:   ADOLFO B. LOPEZ

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 19

STATE OF NEW YORK
COUNTY OF Queens

On June 6, 2016 before me personally came ADOLFO B. LOPEZ to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2019

- 10 -

JOSE ALBERTO MEDINA MENDEZ

_____
BY:   JOSE ALBERTO MEDINA MENDEZ

STATE OF NEW YORK
COUNTY OF __Queens__

On June __6__, 2016 before me personally came JOSE ALBERTO MEDINA MENDEZ to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

MR. KABOB RESTAURANT, INC.

_____
BY:   MASOUD TEHRANI, PRESIDENT

Leah Janash
Notary Public, State of New York
No. 01JA6077017
Qualified in Queens County
Commission Expires April 28, 20__

STATE OF NEW YORK
COUNTY OF _____

On June __3__, 2016 before me personally came MASOUD TEHRANI to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ADAM I. KLEINBERG
Notary Public, State of New York
Registration No. 01KL6075219
Qualified in Suffolk County
Commission Expires June 3, 2018

- 11 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE NICOLAS BERMEJO TAMAY, MANUEL ANTONIO BERMEJO TAMAY, SEGUNDO JOSE BERMEJO TAMAY and JOSE JAVIER REINOSO, individually and on behalf of all others similarly situated,

                     Plaintiff,

-against-

MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, PERSIAN GRILL CORP., MONIREH TEHRANI, MASOUD TEHRANI, and KAVEH TEHRANI a/k/a KEVIN, as individuals,

                     Defendants,
----------------------------------------------------------------X

Docket No. 15 Civ. 5935 (JMF)(JCF)

**STIPULATION OF DISMISSAL**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, the above entitled action be, and the same hereby is discontinued with prejudice without costs to either party as against the other. This Stipulation may be filed without further notice with the Clerk of the Court.

Dated: Carle Place, New York
        June 3, 2016

HELEN F. DALTON & ASSOCIATES, P.C.

By: Puja Sharma
*Attorneys for Plaintiff*
69-12 Austin Street
Forest Hills, New York 11375
(718) 263-9591

SOKOLOFF STERN LLP

By: Adam I. Kleinberg
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 150114

# EXHIBIT B

JOSE NICOLAS BERMEJO TAMAY, MANUEL ANTONIO BERMEJO TAMAY, SEGUNDO JOSE BERMEJO TAMAY and JOSE JAVIER REINOSO, individually and on behalf of all others similarly situated,

                    Plaintiff,

-against-

MR. KABOB RESTAURANT INC. d/b/a RAVAGH PERSIAN GRILL, PERSIAN GRILL CORP., MONIREH TEHRANI, MASOUD TEHRANI, and KAVEH TEHRANI a/k/a KEVIN, as individuals,

                    Defendants,

**AFFIDAVIT FOR JUDGMENT BY CONFESSION (CPLR § 3218)**
**Index No.**

COUNTY OF NASSAU     :

MASOUD TEHRANI, being duly sworn, deposes and says:

1. I, MASOUD TEHRANI, am President of MR. KABOB RESTAURANT, INC. I am one the defendants in the above entitled action.

2. I currently reside at 38 Hollows North, East Norwich, NY 11732 and authorize entry of judgment in New York County.

3. I, MASOUD TEHRANI, have authority to sign on behalf of myself and on behalf of Mr. Kabob Restaurant Corp., and am duly authorized to make this Affidavit of Confession of Judgment on behalf of myself, individually, and on behalf of Mr. Kabob Restaurant Corp.

4. I, MASOUD TEHRANI, hereby confess judgment and authorize entry of judgment against myself and Mr. Kabob Restaurant Corp. (collectively, "Defendants"), in favor of JOSE NICOLAS BERMEJO TAMAY, MANUEL ANTONIO BERMEJO TAMAY, SEGUNDO JOSE BERMEJO TAMAY, MARVIN ROJAS, and ADOLFO B. LOPEZ, (collectively, "Plaintiffs") for the sum of three hundred seventy-five thousand dollars ($375,000.00), plus reasonable attorneys' fees incurred in entering and enforcing the judgment and interest, but less any settlement monies already paid, pursuant to the terms of the Settlement, Withdrawal, Release, and Waiver Agreement (the "Agreement") fully executed by the parties.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts: For failure to pay in accordance with a settlement agreement attached hereto as <u>Exhibit A</u>.

6. I hereby represent my understanding that upon Defendants' breach of the Agreement and upon Defendants' failure to cure the breach pursuant to the terms of the Agreement, Plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in the Supreme Court of the State of New York, County of New York, as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7. Plaintiffs agree that this Confession of Judgment shall be held in escrow by their attorneys and shall not be filed in any court unless and until Defendants fail to cure a default as set forth above and in the Agreement and Plaintiffs must commence collection proceedings. Upon full payment of the Settlement Amount, Plaintiffs, by and through their attorneys, shall destroy the original of the Confession of Judgment and shall not retain any copies thereof.

8. This confession of judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

_____
MASOUD TEHRANI

Sworn to before me this
3 day of June, 2016

_____
Notary Public

ADAM I. KLEINBERG
Notary Public, State of New York
Registration No. 01KL6075219
Qualified in Suffolk County
Commission Expires June 3, 2018

_____
MR. KABOB RESTAURANT CORP.
By: Masoud Tehrani
Title: President

Sworn to before me this
3 day of June, 2016

_____
Notary Public

ADAM I. KLEINBERG
Notary Public, State of New York
Registration No. 01KL6075219
Qualified in Suffolk County
Commission Expires June 3, 2018